IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-191-RLV
(5:13-cr-28-RLV-DSC-1)

| CHAD MORGAN YATES, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Doc. No. 1). For the reasons that follow, the Court dismisses the petition without prejudice.

## PROCEDURAL HISTORY

On July 21, 2014, pro se Petitioner Chad Yates was convicted in this Court, following a guilty plea, of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. (Crim. Case No. 5:13cr28-RLV-DSC-1, Doc. No. 19: Judgment).

In preparation for Petitioner's sentencing hearing, the probation office prepared a presentence investigation report ("PSR"), calculating a total offense level of 31, and a criminal history category of III, yielding an advisory sentencing guidelines range of 135 to 168 months of imprisonment. See (Id., Doc. No. 13 at ¶ 77: PSR). Petitioner faced a statutory mandatory minimum term of 10 years and a maximum term of life imprisonment under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). (Id. at ¶ 76). On July 7, 2014, after granting the Government's motion for downward departure, this Court sentenced Petitioner to 97 months' imprisonment. (Id., Doc. No. 19). Judgment was entered on July 21, 2014. (Id.). Petitioner did not appeal. On August 3,

1

2015, this Court reduced Petitioner's sentence to 78 months under Amendment 782 of the United States Sentencing Guidelines. (Id., Doc. No. 27).

Petitioner's pending action, which was not filed on a petition used for Section 2255 motions to vacate and which Petitioner has filed as a "Motion for Sentence Pursuant to Section 2255," was stamp-filed in this Court on October 17, 2016. (Doc. No. 1). As his sole claim, Petitioner seeks a reduction in his sentence under Amendment 794 to U.S.S.G. § 3B1.2.

**STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**DISCUSSION**

As noted, Petitioner seeks a further reduction in his sentence, contending that Amendment 794 to U.S.S.G. § 3B1.2 makes him eligible for a minor role adjustment to his sentence. Amendment 794 was enacted on November 1, 2015, and it sets out new guidelines for determining whether a defendant should be granted a minor role reduction under U.S.S.G. § 3B1.2. To the extent that Petitioner seeks a reduction in his sentence based on Amendment 794, Petitioner must seek such relief on this claim, if at all, by filing a motion for reduction of sentence in his criminal case. See United States v. Jones, 143 F. App'x 526, 527 (4th Cir. 2005) (holding that the district court erred in construing the petitioners' motions under 18 U.S.C. § 3582(c)(2) for reductions in sentence based on retroactive application of Amendment 591 as

2

Section 2255 motions); Ono v. Pontesso, No. 98-15124, 1998 WL 757068, at *1 (9th Cir. Oct. 26, 1998) (noting that a request for a modification of a sentence pursuant to an Amendment to the Sentencing Guidelines "is most properly brought as a motion under 18 U.S.C. § 3582"); see also United States v. Mines, No. 3:09-cr-106-HEH, 2015 WL 1349648, at *1 (E.D. Va. Mar. 4, 2015) (stating that, to the extent that the petitioner "seeks a reduction in sentence pursuant to any amendment to the United States Sentencing Guidelines, he must file a separate motion for reduction of sentence pursuant to 18 U.S.C. § 3582"). Thus, the Court will dismiss this action without prejudice.

## CONCLUSION

For the reasons stated herein, the Court will dismiss the Section 2255 motion to vacate without prejudice.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

IT IS, THEREFORE, ORDERED THAT:

1. Petitioner's Section 2255 motion, (Doc. No. 1), is dismissed without prejudice.

2. The Court declines to issue a certificate of appealability.

Signed: November 1, 2016

Richard L. Voorhees
United States District Judge